**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-20019

Summary Calendar

RICKY FELDER,

Plaintiff - Appellant,

V.

CITY OF BAYTOWN,

Defendant - Appellee.

Appeal from the United States District Court
for the Southern District of Texas -- Houston Division

H-99-CV-143

August 2, 2000

Before SMITH, PARKER and DENNIS, Circuit Judges:

PER CURIAM:[*]

Appellant Ricky Felder, a former heavy equipment operator, was terminated for failing to appear for work following a sick leave taken pursuant to the Family Medical Leave Act ("FMLA"). Felder brought suit against his former employer, the City of Baytown, alleging discrimination on the basis of disability in violation of

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Felder, who suffers from sleep apnea and restless leg syndrom, was restricted to light-duty work by his physician, and was therefore, unable to drive or operate hazardous equipment. The City provided him with light-duty assignments for approximately one month, at which point, with light-duty projects exhausted, the City could no longer justify his light-duty assignment as a matter of business necessity. Felder applied for and received 12 weeks of leave under the City's FMLA policy. Following his 12-week leave, Felder returned to work as an equipment operator.

Six months later, Felder filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that the City discriminated against him on the basis of disability by denying him a light-duty assignment during his 12-week FMLA leave.

Six months after filing his charge of discrimination, Felder was again restricted to light-duty work by his physician. Since the City could not justify as a matter of business necessity a light-duty assignment, Felder again sought and received 12 weeks of FMLA leave. When his leave expired, Felder failed to appear for work and was terminated.

Without returning to the EEOC, Felder brought suit against his former employer. Felder now appeals the district court's grant of summary judgment on his ADA claims.

The district court granted summary judgment for two reasons.

First, Felder's EEOC charge alleged only that his was discriminated against when he was denied a light-duty assignment for the duration of his first 12-week FMLA leave. Although Felder's lawsuit asserts claims based on alleged discrimination and unlawful discharge following his return to work after his first FMLA leave, he never returned to the EEOC to amend his charge to include these additional charges of discrimination. Because Felder failed to exhaust his administrative remedies with respect to these claims, the district court ruled that Felder could only assert claims for discrimination stemming from his first FMLA leave.[**] We AFFIRM the district court's determination that the claims not found in his EEOC charge are barred.[***]

The district court granted summary judgment on Felder's remaining claims, those stemming from his first 12-week leave, because the summary judgment evidence failed to establish a factual question as to the existence of any light-duty work for Felder to

---

[**] Appellant appears to have abandoned these claims on appeal as he fails to even address the district court's dismissal of these claims in his single brief to this Court.

[***] Appellant also asserts a claim that the City failed to accommodate Felder's alleged disability by refusing to purchase a Continuous Positive Airway Pressure Machine ("CPAP") to treat his condition. The City argues that (1) Felder never asked for a CPAP machine, (2) the City was under no legal obligation to provide a CPAP machine, and (3) Felder failed to exhaust his administrative remedies concerning this claim. Because we find that Felder failed to properly include this claim in his charge of discrimination, and thus did not exhaust his administrative remedies concerning this claim, we need not address the City's first two arguments.

perform during his FMLA leave.  The district court determined that the summary judgment record demonstrated that there was no light-duty work available, and thus defendant did not fail accommodate Felder's alleged disability by having him take FMLA leave.  We agree with the judgment of the district court, and therefore, we AFFIRM.

AFFIRMED.

.

4